Matter of Gordon v New York State Bd. of Parole (2020 NY Slip Op 00129)





Matter of Gordon v New York State Bd. of Parole


2020 NY Slip Op 00129


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-06169
 (Index No. 51293/18)

[*1]In the Matter of Joseph Gordon, appellant,
v
New York State Board of Parole, etc., respondent.


Arnold & Porter Kaye Scholer LLP, New York, NY (Jeffrey H. Horowitz, Glenn J. Pogust, Robert Grass, David Reed, and Molly McGrath of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Matthew W. Grieco of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated June 22, 2017, which, after an interview held pursuant to Executive Law § 259-i(2)(a)(i), denied the petitioner's application to be released to parole, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated March 8, 2019. The judgment denied the petition and dismissed the proceeding as academic.
ORDERED that the judgment is affirmed, without costs or disbursements.
Where, during the pendency of a proceeding pursuant to CPLR article 78 to review a denial of release to parole, a petitioner receives a subsequent, de novo parole hearing, after which the New York State Board of Parole (hereinafter the Board) denies release, the challenge to the Board's prior denial is rendered academic, because the petitioner is "being held pursuant to the subsequent determination" (Matter of Flanders v New York State Div. of Parole, 14 AD3d 703, 703; see Matter of Ortiz v Alexander, 83 AD3d 1078).
Here, we agree with the Supreme Court's determination to deny the petition challenging the Board's denial of the petitioner's application for release and to dismiss the proceeding as academic, since the petitioner had subsequently appeared before the Board for a de novo hearing, after which he was again denied release (see Matter of Ortiz v Alexander, 83 AD3d 1078). Contrary to the petitioner's contention, the issues raised in his petition did not compel the court to consider the merits of the petition under the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 715; Matter of Watt v Stanford, 150 AD3d 747, 747; Matter of Ortiz v Alexander, 83 AD3d 1078).
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court